1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:    (559) 497-4000
   Facsimile:    (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:22-CR-00246-ADA-BAM

                          Plaintiff,       STIPULATION REGARDING EXCLUDABLE
12                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
                   v.                       FINDINGS AND ORDER
13
    EDDIE CORDERO SERNA,                    DATE: March 6, 2023
14                                          TIME: 8:30 a.m.
                          Defendants.       COURT: Hon. Ana de Alba
15

16

17          This case is set for trial confirmation on March 6, 2023, which the parties stipulate to vacate in

18  order to set a change of plea hearing on March 20, 2023, for the reasons set forth below.  On May 13,

19  2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of

20  California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of

21  judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16,

22  2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all

23  criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

24  declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

25          Although the General Orders and declarations of emergency address the district-wide health

26  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27  ─────────────────

28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

                                               1

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

1  for the change of plea.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
2  continuance must be "specifically limited in time").

3                                    **STIPULATION**

4        Plaintiff United States of America, by and through its counsel of record, and defendant, by and
5  through defendant's counsel of record, hereby stipulate as follows:

6        1.        By previous order, this matter was set for trial confirmation on March 6, 2023.

7        2.        By this stipulation, the parties now move to vacate the confirmation date for a change of
8  plea on March 20, 2023.

9        3.        The parties agree and stipulate, and request that the Court find the following:

10              a)        On February 22,2023, the parties entered into and filed a Memorandum of Plea
11       Agreement.  For that reason, the parties agree that a change of plea on March 20, 2023 is
12       appropriate.  Prior to filing this stipulation, the parties conferred with the courtroom deputy for
13       the assigned district court judge, who indicated this date is available for a change of plea.

14              b)        Time was previously excluded until April 11, 2023.

15       4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the
16  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
17  must commence.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  _____
    Cal. March 18, 2020).

IT IS SO STIPULATED.

Dated:  February 22, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney

/s/ RICHARD BESHWATE

Dated:  February 22, 2023

RICHARD BESHWATE
Counsel for Defendant
Eddie Cordero Serna

IT IS SO ORDERED.

Dated:   February 23, 2023

UNITED STATES DISTRICT JUDGE